UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60268-RUIZ/STRAUSS

STANISLAV ZALEZHNEV,

    Plaintiff,

v.

WONDERWORLD MONTESSORI
ACADEMY CORPORATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant's Motion for Bill of Costs and Attached Bill of Costs [DE 71] ("Motion"). The Motion was referred to the undersigned to take all necessary and proper action as required by law [DE 72]. The undersigned has reviewed the Motion, the Response [DE 73] and the Reply [DE 76] thereto, and the record in this case. For the reasons discussed herein, the undersigned **RECOMMENDS** that the Motion [DE 71] be **GRANTED IN PART and DENIED IN PART**. Specifically, the undersigned recommends that costs be awarded in the amount of **$3,336.60**.

### **I.    THE MOTION WAS TIMELY FILED**

Plaintiff's contention that the Motion is untimely is meritless. Defendant filed a timely motion for extension of time to file a bill of costs [DE 67]. The Court entered an order [DE 69] granting that motion and permitting Defendant to file a bill of costs on or before January 29, 2020. Accordingly, the Motion was timely filed on January 29, 2020.

## II.  NO STAY IS WARRANTED

Next, Plaintiff seeks a stay of the Motion as the Final Judgment [DE 66] is on appeal. Plaintiff asserts that the Court has discretion to stay the Motion pending appeal. Nevertheless, it is also "well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982) (citations omitted). Moreover, "several district courts in the Eleventh Circuit have declined to stay ruling on a bill of costs pending appeal, finding no valid reason for postponing the decision of taxable costs." *Lavora v. NCL (Bahamas) Ltd.*, No. 15-24285-CIV, 2017 WL 5308511, at *3 (S.D. Fla. Feb. 24, 2017). In this case, Plaintiff fails to offer any compelling reason to stay the Motion pending appeal. Accordingly, the undersigned recommends that Plaintiff's stay request be denied.

## III.  COSTS

### A. LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54

is limited by the categories of taxable costs specified in section 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### B. SUMMARY OF COSTS

Defendant is the prevailing party in this case. *See* DE 66 ("Final Judgment is entered in favor of Defendant."). Therefore, Defendant is entitled to recover costs in accordance with Rule 54. The following chart is a summary reflecting the costs that are sought (a brief description of each cost and the amount sought), whether or not each cost is opposed, and whether or not each cost should be awarded (based upon the undersigned's recommendations discussed herein):

| Description | Amount | Opposed? | Award? |
|---|---|---|---|
| Pacer/docket | $4.10 | Yes | No |
| Transcripts | $1,943.85 | Partially | Yes |
| Printing | $207.75 | Yes | Yes |
| Interpreter | $675.00 | No | Yes |
| Mediator | $350.00 | Yes | No |
| Court reporter | $710.00 | Yes | $510.00 |
| Postage | $1.92 | Yes | No |
| **Total** | **$3,892.62** | | |

3

### C. ANALYSIS OF COSTS

#### 1. Fees of the Clerk

Defendant seeks to recover $4.10 for "pacer search and docket fees," which it categorizes as fees of the clerk. Although Defendant argues in its Reply that pacer fees can be awarded as litigation expenses under 42 U.S.C. § 12205, the Motion only seeks the taxing of the pacer fees pursuant to 28 U.S.C. § 1920(1). Accordingly, it was improper for Defendant to raise an entirely new basis for recovery for the first time in its Reply. *See Friedman v. Schiano*, 777 F. App'x 324, 332 n.13 (11th Cir. 2019) ("It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief." (quoting *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987))); *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court." (citation omitted)); *Williams v. Gate Gourmet, Inc.*, No. 1:09-CV-1557-MHS, 2011 WL 13273027, at *2 (N.D. Ga. May 5, 2011) ("Plaintiff has raised for the first time in her reply brief the issue of whether defendant's costs should be offset by the sanction award. Plaintiff did not raise this issue in her motion to review the taxation of costs nor did defendant address this issue. The Court will not consider plaintiff's arguments raised for the first time in her reply brief." (citation omitted)).

Section 1920(1) permits the taxing of "[f]ees of the clerk and marshal." However, pacer fees are not taxable under section 1920(1). *Alvarez Perez v. Sanford-Orlando Kennel CLub, Inc.*, No. 6:05-CV-269-ORL-28JG, 2007 WL 842771, at *10 (M.D. Fla. Mar. 20, 2007). In addition, it is unclear what docket fees refers to as used in the Motion. Therefore, the undersigned recommends that the $4.10 in pacer and docket fees not be awarded.

## 2. Transcripts

Defendant seeks to recover $1,943.85 that it paid for the deposition transcripts of Plaintiff, Defendant's corporate representative (Camilla Rovshan), and a non-party witness subpoenaed by Plaintiff (Vafa Cardashli). Defendant paid $868.75 to obtain Plaintiff's deposition transcript and $1,075.10 to obtain the other two deposition transcripts.

The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(1). In other words, deposition transcript costs are generally taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken. *See U.S. E.E.O.C.*, 213 F.3d at 620-21. *See also Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition cost "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Plaintiff does not oppose the costs for the transcripts of Plaintiff's deposition and Defendant's corporate representative's deposition. However, Plaintiff opposes the cost for the transcript of the Cardashli deposition. Plaintiff argues that the Cardashli transcript was not used in this case and that it was not necessary for use in this case. Plaintiff's conclusory arguments are insufficient to satisfy Plaintiff's burden on this issue. In fact, Plaintiff does nothing to explain why

the transcript was unnecessary other than asserting that it was not used. Moreover, Plaintiff was the one who subpoenaed the witness in the first place. Therefore, the undersigned recommends that all of the deposition transcript costs, in the total amount of $1,943.85, be awarded.

### 3. Printing

Defendant seeks to tax $207.75 in printing costs and asserts that such costs were incurred for printing related to this case. Plaintiff responds that copying costs are not taxable. Contrary to Plaintiff's argument, copying costs can be awarded "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In any event, Plaintiff misses the point. Defendant asserts that the $207.75 is for printing costs, not copying expenses. Notwithstanding the nomenclature used by Plaintiff ("copying costs"), Plaintiff has no basis for treating Defendant's printing costs as copying costs. Moreover, the limiting language in section 1920(4) is not contained in section 1920(3), which permits the recovery of "[f]ees and disbursements for printing." Accordingly, the undersigned recommends that printing costs of $207.75 be awarded.

### 4. Interpreter

Defendant seeks to tax $675.00 that it paid to an interpreter for Plaintiff's deposition. Plaintiff does not dispute that this cost is recoverable, and 28 U.S.C. § 1920(6) expressly permits the taxing of "compensation of interpreters" as a cost. Accordingly, the undersigned recommends that this cost be awarded to Defendant.

### 5. Mediator and Postage

Defendant seeks to recover $350.00 that it paid to the mediator in this matter and $1.92 in postage costs. Other than claiming that these expenses "were necessarily incurred to successfully defend this action," Defendant did not provide any other basis for the recovery of the mediator's fee or the postage costs in the Motion. Instead, Defendant argued for the first time in its Reply

that these expenses should be awarded as litigation expenses under 42 U.S.C. § 12205. As discussed above, however, it was improper for Defendant to raise this basis for recovery for the first time in the Reply. *See supra* Part III.C.1. Because the mediation and postage expenses are not taxable under section 1920, and because the Motion did not provide any other basis for recovery of these expenses, the undersigned recommends that the mediator and postage expenses not be awarded.

### 6. Court Reporter

Defendant seeks to recover $710.00 that it paid to the court reporter for Plaintiff's deposition of approximately eight (8) hours. This amount, which is separate from the transcript charges discussed above, includes $510.00 for the court reporter's appearance fee and $200.00 for a room rental. *See* DE 71-6. As mentioned above, Plaintiff acknowledges that his deposition transcript was used in this case. Nevertheless, he contends that section 1920(2) only permits the taxing of the transcript cost and not the other court reporter costs. Contrary to Plaintiff's argument, "[t]axation of deposition costs is authorized by § 1920(2)." *U.S. E.E.O.C.*, 213 F.3d at 620 (citation omitted). Therefore, because Plaintiff's deposition cost was necessarily obtained for use in this case, the $510.00 cost should be awarded. The $200.00 room rental cost, however, should not be awarded. *See Groves v. Royal Caribbean Cruises, Ltd.*, No. 09-20800-CIV, 2011 WL 817930, at *2 (S.D. Fla. Mar. 2, 2011) ("Incidental charges relating to depositions, however, like conference call charges or conference room deposits, are not directly related to the transcripts themselves. They are thus miscellaneous costs that are not included within the literal scope of the subsection, nor are they compensable otherwise.").

### 7. Interest

Defendant also requests interest on any costs awarded pursuant to 28 U.S.C. § 1961. Plaintiff has not objected to this request. The undersigned recommends that such interest be awarded in accordance with section 1961.

## IV.    CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** the Motion [DE 71], and awarding Defendant costs in the amount of **$3,336.60**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 16th day of March 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel of record via CM/ECF